COURT OF APPEALS
DECISION
DATED AND FILED

May 21, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* **WIS. STAT. § 808.10 and RULE 809.62.**

Appeal No. **2019AP2033**

Cir. Ct. No. **2018ME88**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

IN THE MATTER OF THE MENTAL COMMITMENT OF E. R. R.:

PORTAGE COUNTY,

    PETITIONER-RESPONDENT,

V.

E. R. R.,

    RESPONDENT-APPELLANT.

---

APPEAL from orders of the circuit court for Portage County: THOMAS B. EAGON, Judge. *Dismissed*.

¶1 FITZPATRICK, P.J.[1] E.R.R. appeals orders of the Portage County Circuit Court extending his involuntary commitment and requiring E.R.R. to

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(d) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

undergo treatment and take prescribed medication pursuant to WIS. STAT. ch. 51. E.R.R. argues that there was insufficient evidence to support the circuit court's orders. I do not reach the merits of E.R.R.'s arguments because the issues raised in this appeal are moot, and I dismiss this appeal on that basis.

## BACKGROUND

¶2 There is no dispute regarding the material facts.

¶3 E.R.R. suffers from a schizoaffective disorder with symptoms including delusional thinking and hypermania. E.R.R. was involuntarily committed by an order dated January 31, 2018. In December 2018, Portage County filed an Application for Extension of Commitment seeking to extend E.R.R.'s involuntary commitment.

¶4 The County's request for recommitment was tried to the court. The circuit court found that E.R.R. is mentally ill, is a proper subject for treatment, and that there is a substantial likelihood that E.R.R. would be a proper subject for commitment if treatment is withdrawn. Based on those findings, the court entered an order on January 22, 2019, extending E.R.R.'s involuntary commitment for a period of twelve months. In addition, the court ordered on that same date involuntary treatment and medication during the period of involuntary recommitment.

¶5 On January 28, 2019, E.R.R.'s court-appointed trial counsel filed a Notice of Intent to Pursue Postcommitment Relief. By letter dated July 22, 2019, an assistant state public defender notified the Portage County Register in Probate that she had been appointed to provide postcommitment representation to E.R.R. Also on July 22, 2019, the Office of the State Public Defender (SPD) filed a motion

with this court seeking to extend the time for appointment of postcommitment counsel and for ordering transcripts. This court granted the SPD's motion by order dated July 29, 2019. On October 23, 2019, counsel for E.R.R. filed a notice of appeal of the circuit court's January 2019 orders extending E.R.R.'s involuntary commitment and for involuntary treatment and medication. E.R.R.'s brief-in-chief was filed in this court in mid-December 2019 with E.R.R.'s reply brief filed on March 27, 2020.

## DISCUSSION

¶6     E.R.R. challenges the circuit court's determination that the County met its burden of proof for the extension of his involuntary commitment and for involuntary treatment and medication. E.R.R. asserts that the County failed to show by clear and convincing evidence that E.R.R. is dangerous. The parties agree in a general sense that dangerousness is one of the three elements a petitioner must prove in a WIS. STAT. ch. 51 proceeding for the extension of an individual's involuntary commitment.

¶7     The County responds that E.R.R.'s appeal is moot because E.R.R. is no longer subject to the January 2019 orders at issue in this appeal. According to the County, since the time that E.R.R.'s notice of appeal was filed, E.R.R.'s involuntary commitment was extended by an order dated January 13, 2020. This is not disputed by E.R.R.

¶8     Whether an issue is moot is a question of law that I review de novo. *Portage Cty. v. J.W.K.*, 2019 WI 54, ¶10, 386 Wis. 2d 672, 927 N.W.2d 509. "An issue is moot 'when a determination is sought upon some matter which, when rendered, cannot have any practical legal effect upon a then existing controversy.'" *Winnebago Cty. v. Christopher S.*, 2016 WI 1, ¶31, 366 Wis. 2d 1, 878 N.W.2d 109

3

(quoted source omitted); *see J.W.K.*, 386 Wis. 2d 672, ¶11 ("An issue is moot when its resolution will have no practical effect on the underlying controversy." (quoted source omitted)). The supreme court explained in *Christopher S.* that a determination by an appellate court cannot have any practical legal effect, that is to say, "there is an 'apparent lack of a live controversy' when an appellant appeals an order to which he or she is no longer subjected." *Christopher S.*, 366 Wis. 2d 1, ¶31 (quoted source omitted). Thus, "[a]n appeal of an expired commitment order is moot." *J.W.K.*, 386 Wis. 2d 672, ¶14; *see Christopher S.*, 366 Wis. 2d 1, ¶¶30-31 (stating that the issues concerning an expired involuntary commitment and medication orders were moot because the appellant was no longer subject to those orders).

¶9 If an issue is moot, an appellate court will not reach the merits of an appellant's arguments and will dismiss the appeal unless the circumstances are "exceptional or compelling." *See J.W.K.*, 386 Wis. 2d 672, ¶12 (quoted source omitted). The supreme court has stated that "exceptional or compelling" circumstances include the following: (1) the issue is one of great public importance; (2) "the constitutionality of a statute is involved"; (3) "the situation arises so often 'a definitive decision is essential to guide the [circuit] courts'"; (4) "the issue is likely to arise again and should be resolved by the court to avoid uncertainty"; and (5) "the issue is 'capable and likely of repetition and yet evades review.'" *Id.* (quoted source omitted).

¶10 The orders that E.R.R. appeals expired in January 2020. Reversing those orders will have no practical effect on the underlying controversy because E.R.R. is no longer subject to those orders. *See id.* E.R.R. acknowledges that there is no longer a live controversy in this appeal and that the issues raised in this appeal are therefore moot. However, E.R.R. argues that this court should nevertheless

address his sufficiency of the evidence arguments because the issues presented in this case are of great public importance and are likely to arise again.

¶11　I am not persuaded that this case presents the sort of exceptional or compelling circumstances that would—despite mootness—warrant a decision on the merits. Deciding E.R.R.'s arguments would not bring any definitive clarity to the law because a decision by one judge under WIS. STAT. § 752.31 is not publishable and, therefore, not subject to citation as binding authority. *See* WIS. STAT. § 809.23(1)(b)4., (3). Further, E.R.R.'s argument that the issues in this appeal are likely to arise again is speculative. Although it is possible, E.R.R. has not given me any reason to believe that those issues are "likely" to arise again. *See J.W.K.*, 386 Wis. 2d 672, ¶12.

¶12　According, I decline to disregard the mootness of E.R.R.'s arguments, and I dismiss E.R.R.'s appeal.

## CONCLUSION

¶13　For the foregoing reasons, this appeal is dismissed as moot.

*By the Court.*—Appeal dismissed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.